```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No. 8:16-cv-3051-T-33MAP

KAREN BENCH,

    Defendant.

_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff United States of America's Motion for Entry of Default Judgment (Doc. # 11), which was filed on December 8, 2016. In the Motion, the Government requests a default judgment against Defendant Karen Bench in the amount of $22,406.16, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants the Motion.

**I.    Default Judgment**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

> failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). <u>DirecTV, Inc. v. Griffin</u>, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. <u>See Tyco Fire & Sec. LLC v. Alcocer</u>, 218 F. App'x 860, 863 (11th Cir. 2007)(citing <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. <u>Id.</u> A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. <u>Id.</u>

**II. Analysis**

The Government initiated this action seeking the repayment of student loans from Karen Bench, a resident of Sarasota County, Florida, on October 28, 2016. (Doc. # 1). The Government served the summons and Complaint on Bench on November 3, 2016. (Doc. # 8). Bench did not respond to the

2

Complaint, and on November 30, 2016, the Government applied for entry of a Clerk's Default against Bench. (Doc. # 9). In connection with that Motion, the Government asserted that Bench is not a member of the United States Armed Forces. (Id. at 1-2). On December 1, 2016, the Clerk entered a Default against Bench. (Doc. # 10).

Based upon the Clerk's Default and the well-pled factual allegations contained in the Complaint, the Government has established that Bench owes $5,293.53 in unpaid principal plus $16,909.29 in interest for Claim Number 2011A20295. These amounts are described in detail in the Certificate of Indebtedness attached to the Motion for Default Judgment and are analyzed in the Government's Motion for Default Judgment. (Doc. # 11 at 2; Doc. # 11-2). The Government has established costs of $45.00 in service fees. (Id. at 2; Doc. # 11-3).

Finally, the Government requests prejudgment interest at the rate of $1.74 a day from September 14, 2016, to the date of this Order. (Doc. # 1 at 2; Doc. # 11-2). Thus, the total prejudgment interest owed is $158.34.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff United States of America's Motion for Entry of Default Judgment (Doc. # 11) is **GRANTED.**

(2) The Clerk is directed to enter Default Judgment in favor of the United States of America and against Karen Bench in the amount of $22,406.16 (consisting of $5,293.53 in unpaid principal plus $16,909.29 in interest for Claim Number 2011A20295; $45.00 for service fees; and $158.34 in prejudgment interest).

(3) Upon entry of Judgment, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of December, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE